**SIGNED THIS: May 8, 2019**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 17-90819 |
| DONALD R. GROBNER and ) | |
| SHARON R. GROBNER, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ) | |
| ROGER L. PRILLAMAN, ) | |
| not individually, but as ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 18-09025 |
| ) | |
| MICHELLE R. MONROE, ) | |
| ) | |
| Defendant. ) | |

# O P I N I O N

Before the Court is a Motion to Dismiss filed by the Defendant, asserting that the complaint fails to state a claim upon which relief may be granted. For the reasons set forth herein and not for the reasons set forth in the Defendant's motion, the complaint will be dismissed and the Plaintiff will be given leave to file an amended complaint.

## I. Factual and Procedural Background

Donald R. Grobner and Sharon R. Grobner ("Debtors") filed their voluntary petition under Chapter 7 on July 26, 2017. Roger L. Prillaman was appointed and continues to serve as the Chapter 7 trustee ("Trustee") in the case.

On October 30, 2018, the Trustee filed his adversary complaint against the Defendant, Michelle R. Monroe, who is identified as the daughter of the Debtors. The Trustee alleges that the Debtors have resided continuously at 1186 Ambes, Bourbonnais, Illinois, ("Ambes home") since 2005. He further claims that, on December 13, 2012, the Debtors executed a quitclaim deed transferring the Ambes home to the Defendant and that the deed, on its face, shows that consideration for the transfer was less than $100. At the time, he claims, the Ambes home was worth more than $376,000. He also alleged that on October 24, 2013, the Defendant executed a quitclaim deed transferring a life estate in the Ambes home back to the Debtors. The Trustee described a failed business transaction in which the Debtors were involved shortly before the transfer of the Ambes home to the Defendant. And he specifically noted an obligation of the Debtors to the United States Small Business Administration ("SBA") incurred in 2010 in the amount of $368,000 and upon which, according to the Debtors

schedules, over $418,000 is currently due.

The Trustee captioned his complaint as having been brought under the Illinois Uniform Fraudulent Transfer Act ("IUFTA"), and he made repeated references to Illinois law throughout the complaint. 740 ILCS 160/5(a)(1), (2). He also, however, made reference to the Federal Debt Collections Practices Act ("FDCPA") and identified the SBA as the "triggering creditor" or "golden creditor" making that law applicable to these proceedings. 28 U.S.C. §3001. His prayer for relief asked that the transfer of the Ambes home be avoided and that the property be turned over for sale or, alternatively, that judgment be entered against the Defendant for the value of the Ambes home.

The Defendant filed a motion to dismiss the complaint, asserting that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012. The motion is cryptic—a scant three paragraphs—and simply says that there is case law that holds that the FDCPA may not be used by trustees in bankruptcy cases but includes no analysis of the issue. The Trustee responded citing contrary case law, and the Defendant filed a brief reply. The matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Actions to determine, avoid, or recover fraudulent conveyances are core proceedings. *See* 28 U.S.C. §157(b)(2)(H). This matter may be constitutionally

decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011). Bankruptcy courts in this Circuit have repeatedly held that there is no constitutional impediment to the entry of final judgments in fraudulent transfer cases. *See Reid v. Wolf (In re Wolf)*, 595 B.R. 735, 751 (Bankr. N.D. Ill. 2018) (collecting cases). And, in any event, the order to be entered here is not one that is final and appealable. *In re Vlasek*, 325 F.3d 955, 960 (7th Cir. 2003).

Bankruptcy Rule 7008 requires that adversary complaints "contain a statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court." Fed. R. Bankr P. 7008. Here, the Trustee says that he "agrees to have this Court hear the case." Although the Court believes that the Trustee was attempting to comply with the requirements of Bankruptcy Rule 7008 with the inclusion of that language, he should, in the future, more precisely adhere to the mandated expression of consent, or lack thereof, to the entry of final orders and judgments.

### III. Legal Analysis

The duties of a Chapter 7 trustee include investigating the financial affairs of debtors and collecting and reducing to money the property of the estate. 11 U.S.C. §704(a)(1), (4). Property of the estate includes property that is recoverable by a trustee under §550 of the Code. 11 U.S.C. §541(a)(3). Property recoverable under §550 includes fraudulent transfers avoided by the trustee under §544 or §548. 11 U.S.C. §550(a).

Under §548, a trustee may generally avoid a transfer of a debtor's interest in property made within two years of filing and with the actual intent to defraud

creditors or for which inadequate consideration was received. 11 U.S.C. §548(a)(1). Under §544(b), a trustee may step into the shoes of any of a debtor's unsecured creditors and use any available "applicable law" to avoid fraudulent transfers of a debtor's property. 11 U.S.C. §544(b)(1). In many of the cases filed before this Court, the trustees find Illinois law to be applicable and use the provisions of the IUFTA to avoid prepetition fraudulent transfers made by debtors. The IUFTA generally provides for the avoidance and recovery of transfers made "with actual intent to hinder, delay, or defraud any creditor of the debtor[,]" or made "without receiving a reasonably equivalent value in exchange for the transfer[.]" 740 ILCS 160/5. With some limited exceptions, an action under the IUFTA must be brought within four years of the transfer. 740 ILCS 160/10.

The Trustee also relied on the FDCPA in his complaint. The FDCPA provides the exclusive procedures and remedies for the collection of debts owed to the United States and its various agencies and departments. 28 U.S.C. §3001. The FDCPA contains specific provisions for the avoidance of fraudulent transfers, including transfers made with actual intent to defraud or made for inadequate consideration. *See, e.g.*, 28 U.S.C. §§3304, 3305, 3306(a). Generally, actions under the FDCPA must be brought within six years after the transfer that is sought to be avoided. 28 U.S.C. §3306(b).

The Trustee's complaint lays out a set of plausible facts sufficient to support an action to avoid and recover a fraudulent transfer. The Debtors are alleged to have transferred their home worth more than $376,000 to their daughter for less than $100 consideration. And notwithstanding the transfer, they have remained in possession of the home for a number of years. Those bare facts alone state a

cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint must allege "enough facts to state a claim to relief that is plausible on its face").

The Defendant's motion to dismiss does not allege a lack of sufficient facts to state a plausible claim. Rather, the Defendant says that the FDCPA upon which the Trustee relied, in part, in bringing the action is not "applicable law" that the Trustee may use to recover a fraudulent transfer and, according to the Defendant, the complaint must therefore be dismissed.

Before reaching the issue of the applicability of the FDCPA, a brief comment about the applicability of the IUFTA is warranted. The Trustee says that his complaint is brought principally under the IUFTA. Implicit in the Defendant's arguments, however, is the assumption that the Trustee referred to the FDCPA in order to benefit from the extended statue of limitations provided therein. 28 U.S.C. §3306(b). Presumably, the Defendant believes that the Trustee is relying on the FDCPA because the shorter statue of limitations found in the IUFTA has run. But a statue of limitations defense must expressly be raised as an affirmative defense, and, regardless of what the Defendant might have intended, no affirmative defense regarding the IUFTA was raised in the motion to dismiss. Fed. R. Civ. P. 8(c); Fed. R. Bankr. P. 7008. The Defendant says absolutely nothing whatsoever about the IUFTA in her motion to dismiss or in her reply brief, and, accordingly, the complaint will not be dismissed on the grounds that the Trustee cannot state a cause of action under the IUFTA because the statue of limitations provided for therein has run. This Court cannot simply presume that an affirmative defense never actually raised was intended to be asserted. This Court cannot reach the

issue based on the pending motion to dismiss.

### *A. The FDCPA is "applicable law" under § 544(b).*

In arguing that the FDCPA cannot be used by the Trustee to recover a fraudulent transfer, the Defendant relies solely on *MC Asset Recovery LLC v. Commerzbank A.G. (In re Mirant Corp.)*, 675 F.3d 530 (5th Cir. 2012). In *Mirant*, the Fifth Circuit held that a special litigation entity created pursuant to a Chapter 11 plan could not use the FDCPA to avoid an alleged fraudulent transfer. Although the Court found that the entity had standing to pursue fraudulent transfers, it held that the FDCPA was not "applicable law" under §544(b). *Id.* at 534-35. In making its decision, the Fifth Circuit noted that the FDCPA specifically provides that it does not "supersede or modify" the operation of a number of federal statutes including Title 11—the Bankruptcy Code. *Id.* at 535; 28 U.S.C. §3003(c).

Although admitting that legislative history is not dispositive of the issue, the Fifth Circuit relied on such history to support its decision in *Mirant*. The Court cited comments that the language regarding the FDCPA not superseding or modifying Title 11 were "carefully worded to make clear that the act would have absolutely no effect on the Bankruptcy Code; even provisions of the Bankruptcy Code making reference to nonbankruptcy law are to be read as if this act did not exist." *Mirant*, 675 F.3d at 535-36 (citing 136 Cong. Rec. H13288 (daily ed. Oct. 27, 1990) (statement of Rep. Jack Brooks)).

Bankruptcy courts outside the Fifth Circuit generally have not followed *Mirant* and have instead found that the FDCPA is "applicable law" for purposes of §544(b). *See, e.g., Vieira v. Gaither (In re Gaither)*, 595 B.R. 201, 212 (Bankr. D.S.C.

2018); *Hillen v. City of Many Trees, LLC (In re CVAH, Inc.)*, 570 B.R. 816, 824 (Bankr. D. Idaho 2017); *Gordon v. Harrison (In re Alpha Protective Services, Inc.)*, 531 B.R. 889, 906 (Bankr. M.D. Ga. 2015); *Tronox Inc. v. Kerr McGee Corp. (In re Tronox Inc.)*, 503 B.R. 239, 273-74 (Bankr. S.D.N.Y. 2013). The analysis of the issues made by these courts is persuasive.

In *Gaither,* the court noted that the Supreme Court has broadly interpreted the similar phrase of "applicable nonbankruptcy law" and has criticized courts that have placed narrow limits on the term. *Gaither*, 595 B.R. at 214 (citing *Patterson v. Shumate*, 504 U.S. 753, 759-61 (1992)). The *Gaither* court found that "the plain language of 'applicable law' is not limited to any particular law, and thus a trustee may use any law available to avoid a transfer." *Id.*

In *Tronox,* the court specifically addressed *Mirant's* reliance on legislative history and concluded that the Fifth Circuit had given undue weight to the legislative comment. *Tronox*, 503 B.R. at 273. Using the FDCPA to avoid a transfer in a bankruptcy case neither modifies nor supersedes any provision of Title 11. *Id.* In *Alpha,* the court also relied on the plain or ordinary meaning of the term "applicable law" and found no limitation on the ability of a trustee to step into the shoes of a governmental creditor and to use the FDCPA. *Alpha*, 531 B.R. at 906. Likewise, in *CVAH*, the court looked at the plain meaning of the term "applicable law" and found no limitation in its meaning that would exclude the use of the FDCPA by trustees. *CVAH*, 570 B.R. at 825.

Again, this Court finds the reasoning of the cases that hold that the FDCPA may be used by trustees to avoid fraudulent transfers to be persuasive. Section 544(b) refers to "applicable law" and contains no limits on or modifiers of that

term. 11 U.S.C. §544(b). The Seventh Circuit has given broad meaning to the provision, finding that it "enables the trustee to do in a bankruptcy proceeding what a creditor would have been able to do outside of bankruptcy—except the trustee will recover the property for the benefit of the estate." *In re Equipment Acquisition Resources, Inc.*, 742 F.3d 743,746 (7th Cir. 2014). Further, "if any unsecured creditor could reach an asset of the debtor outside bankruptcy, the [t]rustee can use §544(b) to obtain that asset for the estate." *In re Leonard*, 125 F.3d 543, 544 (7th Cir. 1997).

The meanings of "supersede" and "modify" are plain and not ambiguous. Use of the FDCPA as "applicable law" under §544(b) neither supersedes nor modifies any provision of the Code. To the contrary, use of the FDCPA can be harmonized with the Code because use of both state and federal law to supplement a trustee's recovery options is expressly contemplated by the Code. Relying on legislative history to contradict the plain meaning of the statute assigns the legislative history too much weight. *Tronox*, 503 B.R. at 273. And "[a] court must be cautious in relying on a single comment made by an individual congressman in the process of enacting legislation in Congress." *CVAH*, 570 B.R. at 830 (citing *N.L.R.B. v. SW General, Inc.*, ___ U.S. ___, 137 S. Ct. 929, 197 L. Ed. 2d 263 (2017) ("floor statements by individual legislators rank among the least illuminating forms of legislative history")) (other citations omitted).

This Court declines to follow *Mirant* and instead will join the majority of bankruptcy courts that have found that the FDCPA is included in the term "applicable law" found in §544(b). This result is compelled by the plain meaning of the statute.

*B. To promote clarity, the complaint will be dismissed with leave to replead.*

In order to promote clarity, separate claims should be set forth in separate counts. Fed. R. Civ. P. 10(b); Fed. R. Bankr. P. 7010. Here, the Trustee combined in one count his claims under the IUFTA and the FDCPA. This was improper because, although both claims rely on essentially the same facts, they are separate and distinct causes of action. Clarity would be promoted by their separation.

The Trustee created confusion by suggesting that he was proceeding under the IUFTA but then referencing the FDCPA in the same count. Implicit in his pleading is the suggestion that the FDCPA may be used to extend the statute of limitations under the IUFTA, but that is simply not the case. The Trustee may proceed under the IUFTA if he chooses to do so and can state a plausible claim upon which relief can be granted thereunder. Separately, he may proceed under the FDCPA. But each cause of action stands alone; they should not be combined in one count. For this reason the complaint will be dismissed with leave to replead.

## IV. Conclusion

The Defendant's motion to dismiss seeks dismissal based on the argument that the FDCPA cannot be used in a bankruptcy case by a trustee to recover a fraudulent transfer. The Court rejects that argument and specifically finds that the FDCPA is "applicable law" as referenced in §544(b) of the Code. Nevertheless, because the Trustee has included two distinct claims in one count and thereby caused confusion, the complaint will be dismissed with leave to replead.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###